William MORA, Defendant–Appellant,

v.

UNITED STATES of America, Appellee.

No. 09–0358–cr.

United States Court of Appeals, Second Circuit.

Dec. 21, 2009.

William Mora, pro se, Inez, KY, for Appellant.

Benton J. Campbell, United States Attorney, and Peter A. Norling and David C. James, Assistant United States Attorneys, United States Attorney's Office, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellant William Mora, *pro se*, appeals from an order of the District Court denying his petition for a writ of *audita querela*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

We review *de novo* a district court's denial of a writ of *audita querela*. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir.2007). Although formally abolished in civil cases, *see* Fed.R.Civ.P. 60(e), the writ of *audita querela* "remain[s] available in very limited circumstances with respect to criminal convictions," *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir.1995). A writ of *audita querela* "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.*

In *Richter*, 510 F.3d at 104, we considered a petitioner who, like appellant, sought a writ of *audita querela* claiming (1) that his sentencing under the then-mandatory United States Sentencing Guidelines was rendered unconstitutional by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and (2) that he had no other available avenue of relief. We reasoned that, because "'*Booker* does not apply retroactively to cases on collateral review,'" there was "no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack [did] not give rise to serious constitutional questions." *Richter*, 510 F.3d at 104 (quoting *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir.2005)). "As a result," we held, "a writ of *audita querela* [did] not lie." *Id.*

Our holding in *Richter* controls this case, and thus the District Court properly denied appellant's petition for a writ of *audita querela*.

We have considered appellant's remaining arguments on appeal and find them to be meritless.

## CONCLUSION

For the foregoing reasons, the January 6, 2009 order of the District Court is **AFFIRMED**.